UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

GRACE CORTEZ BENAVIDES,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-652

Honorable Paul L. Maloney

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of her current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.3.)

In an order entered on April 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 10.) Respondents filed their response on April 6, 2026. (ECF No. 11.)

## II.    Factual Background

Petitioner is a native and citizen of Ecuador. Op., *Cortez Benavides v. Raycraft* (*Cortez Benavides I*), No. 1:26-cv-563 (W.D. Mich. Mar. 9, 2026) (ECF No. 8). Petitioner entered the United States on or about August 30, 2023, without inspection. *Id.* Shortly thereafter, the Department of Homeland Security initiated removal proceedings against Petitioner under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) *Id.*

On October 31, 2026, Petitioner was driving in the United States in the "Detroit Canadian Tunnel" when she was stopped by United States Border Patrol agents. (Pet., ECF No. 1, PageID.2.) At that time, the Border Patrol agents arrested Petitioner without a warrant. (*Id.*, PageID.3; 2025 Form I-213, ECF No. 11-1, PageID.61–62.)

On February 19, 2026, Petitioner filed her first § 2241 petition in *Cortez Benavides I*. In *Cortez Benavides I*, the Court ordered that Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. Op. and Jud., *Cortez Benavides I*, No. 1:26-cv-563 (W.D. Mich. Mar. 9, 2026) (ECF Nos. 8, 9).

While *Cortez Benavides I* remained pending, on February 26, 2026, Petitioner filed the present § 2241 petition, challenging the legality of her arrest and her detention without a custody redetermination hearing. (Pet., ECF No 1.)

On March 13, 2026, a bond hearing was held before the Detroit Immigration Court. Bond Order, *Cortez Benavides I*, No. 1:26-cv-563 (W.D. Mich. Apr. 2, 2026) (ECF No. 10-1.) At the

conclusion of that hearing, the immigration judge denied Petitioner's request for bond, finding that Petitioner "is a flight risk and a danger to the community." *Id.*

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Discussion

Petitioner contends that she is entitled to habeas relief because Respondents have violated Petitioner's Fourth and Fifth Amendment constitutional rights by: (1) arresting Petitioner without a warrant and (2) failing to provide Petitioner with "a meaningful custody or bond determination." (Pet., ECF No. 1, PageID.3.) Respondents, however, contend that Petitioner's request for a bond hearing is moot given the March 13, 2026, hearing. (Resp., ECF No. 11, PageID.42.) Respondents also contend that Petitioner's detention did not violate the Fourth Amendment, and any violation would not be grounds for release from custody. (*Id.*, PageID.56.)

First, the present § 2241 action was filed in advance of the March 13, 2026, bond hearing held pursuant to this Court's judgment in *Cortez Benavides I*. Because Petitioner has now been provided with the requested bond hearing, Petitioner's request for "a meaningful custody or bond determination" is moot.

As to Petitioner's Fourth Amendment claim, the Court agrees that "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Cristian Z. v.*

3

*Bondi*, No. 26-cv-157, 2026 WL 123116, at *2 (D. Minn. Jan. 16, 2026) (citation modified); *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States.").[1] However, even if the Court assumes that a warrant was required for Petitioner's arrest, Petitioner is not entitled to release on habeas.

In the immigration context "an unlawful arrest does not automatically result in suppression of evidence." *Gabriel v. Hermosillo*, No. 2:25-cv-02594-DGE-GJL, 2026 WL 194233, at *5 (W.D. Wash. Jan. 26, 2026); *see also INS v. Lopez-Mendoza*, 468 U.S. 1032, 1051 (1984) ("We hold that evidence derived from [an unlawful arrest] need not be suppressed in an [immigration] civil deportation proceeding."). The Sixth Circuit has acknowledged that *Lopez-Mendoza* established that a defendant, including his identity or body, is properly before a court "regardless of whether this information was obtained in violation of his Fourth Amendment rights." *United States v. Navarro-Diaz*, 420 F.3d 581, 588 (6th Cir. 2005). Thus, "the 'body' or 'identity' of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *Lopez-Mendoza*, 468 U.S. at 1039; *see also Arias v. Rogers*, 676 F.2d 1139, 1143–44 (7th Cir. 1982) (holding that "once deportation proceedings have begun[,] the legality of the alien's detention" based on the absence of a warrant "can no longer be tested by way of a habeas corpus proceeding.").

---

[1] As the Court held in *Cortez Benavides I*, § 1226(a), not § 1225(b)(2)(A) governs Petitioner's detention. Op., *Cortez Benavides I*, No. 1:26-cv-563 (W.D. Mich. Mar. 9, 2026) (ECF No. 8).

Accordingly, the Court need not address the substantive issue of whether Petitioner's Fourth Amendment rights were violated because even if they were, she is not entitled to habeas relief on that basis.

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:    April 10, 2026                          /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               United States District Judge